UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C. PEPPER MOORE,

    Plaintiff,                      CIVIL ACTION NO. 06-CV-10541-DT

vs.

                                    DISTRICT JUDGE BERNARD A. FRIEDMAN
                                    MAGISTRATE JUDGE DONALD A. SCHEER

SHERRY L. BURT, et. al.,

    Defendants.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' Motion for Summary Judgment should be GRANTED, as Plaintiff has failed to establish any violations of his federally secured constitutional rights.

\*   \*   \*

Plaintiff, while incarcerated at the Southern Michigan Correctional Facility (JMF) in Jackson, Michigan,[1] was allowed to proceed in forma pauperis and filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on February 8, 2006, alleging that JMF prison officials had deprived him of his federal constitutional rights. Plaintiff asserted that his rights were violated when JMF officials confiscated and destroyed 93 memory diskettes used with his word processor.

During his incarceration, Moore had obtained and used in his prison cell a word processor with memory diskette capability to prepare legal work. These diskettes allegedly contained over twenty years worth of legal briefs, court opinions, legal forms, letters from

---

[1]Plaintiff is still incarcerated at JMF.

attorneys and the courts, legal research and account records (Complaint ¶53). On February 23, 2005, staff at JMF searched Moore's cell and seized his word processor and ninety-three computer memory diskettes[2]. After prison officials confiscated the word processor and diskettes, the information found on the diskettes was printed out and provided to Moore for his review (See Exhibit E, attached to Defendants' Motion for Summary Judgment).

Following an informal administrative hearing, the word processor was returned to Moore. The 93 confiscated diskettes were destroyed as contraband by JMF officials, pursuant to policy directive 04.07.112, since inmates were no longer allowed to possess memory diskettes for typewriters/word processors after July 2003[3] (See Hearing Reports, attached as Exhibits I and J to Defendants' Motion for Summary Judgment). Claiming that the confiscation and destruction of the diskettes violated his First (access to the courts), Sixth (retaliation), Eighth (cruel and unusual punishment) and Fourteenth Amendment

---

[2]Prison officials confiscated the diskettes in February 2005, as contraband items under prison policy directive 04.04.112. Moore claims that he had obtained written authorization in August 1993, from MDOC prison officials to possess and use a word processor with memory diskettes while in his cell (See Complaint ¶12). Defendants respond that the 1993 written prison authorization is non-binding because it was superceded by the July 2003 *Cain* Settlement Agreement Regarding Typewriters, as well as the March 6, 2002, Order in *Hadix* dismissing all access to court claims. (See Exhibits B and C, attached to Defendants' Motion for Summary Judgment). However, I need not determine whether Moore had properly obtained prison authorization to possess the diskettes because that issue is not material to Plaintiffs' access to courts, retaliation, due process or Eighth Amendment claims.

[3]Paragraph P of prison policy directive 4.07.112 permits a prisoner who legitimately ordered, purchased or possessed a typewriter prior to July 15, 2003, to keep it, unless the machine required a disk or diskette to operate properly. If the typewriter/word processor can be used without a diskette, the directive permits a prisoner to keep the machine as long as it can be repaired. Once the typewriter/word processor is no longer operable or repairable, a prisoner can purchase another machine from an authorized dealer found on the standardized property list of the policy directive (See Attachment D of PD 4.07.112 as Exhibit L of Defendants Motion for Summary Judgment).

(procedural due process) rights, Plaintiff sought declaratory/injunctive relief as well as compensatory and punitive damages.

Defendants filed a Motion for Summary Judgment on May 10, 2006, asserting that Plaintiff had failed to establish any violations of his federally secured constitutional rights. Plaintiff filed a reply to Defendants' Motion for Summary Judgment on June 7, 2006, arguing to the contrary. For the following reasons, I recommend that Defendants' motion be GRANTED.

**STANDARD OF REVIEW**

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); see Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 1997).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. Covington v. Knox County Sch. Sys., 205 F.3d 912, 914 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. Id. A mere scintilla of evidence is

insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings and affidavits. Ashbook v. Block, 917 F.2d 918, 921 (6th Cir. 1990); see also Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

DISCUSSION

To establish a valid claim under § 1983, a plaintiff must allege that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights privileges or immunities secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42, 49 (1988). Here, Defendants do not dispute that they acted under color of state law. Accordingly, I will focus on the alleged constitutional deprivations.

A. ACCESS TO COURTS CLAIM

Prison inmates have a constitutional right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 821-22 (1977); Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Access must be adequate, effective, and meaningful. Bounds, 430 U.S. at 822, 828 (prison authorities are required to assist prisoners in the preparation and filing of legal papers by providing adequate law libraries or alternative sources of legal knowledge)

To establish that prison officials denied them meaningful access to the courts, plaintiff must demonstrate either an essential deprivation or a nonessential deprivation that has caused them an actual injury. Lewis v. Casey, 518 U.S. 343, 355 (1996). Essential deprivations, such as the deprivation of an accessible and adequate law library, or court-appointed attorneys and other para-professionals, impair resources that are central to the right of access to the courts. Bounds v. Smith, 430 U.S. at 821-22. The deprivation of assistance from other inmates can also constitute an essential deprivation. See Johnson v. Avery, 393 U.S. 483, 490 (1969) (right of access to the courts entitles inmates to receive legal assistance from other inmates unless prison officials provide reasonable alternative assistance).

On the other hand, other resources, such as pens, pencils, pads, notarial services, and photocopying services, are not central to the right of access to the courts, such that a deprivation of these resources requires a specific instance in which the plaintiff was actually denied access to the courts.  See Lewis v. Casey, 518 U.S. at 349-55 & n. 3. (a prisoner must show an actual injury to existing or contemplated litigation which raises non-frivolous claims); Thaddeus-X v. Blatter, 175 F.3d 378, 391 (6th Cir. 1999).(a prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement). My analysis will be guided by the principles enunciated in Bounds and its Sixth Circuit progeny.

1. Essential Deprivation

Plaintiff argues that, although he has access to a prison law library and legal clinic, the deprivation of the memory diskettes for his word processor constitutes an essential deprivation. I disagree.  It is well settled that Moore does not have a constitutional right to

**5**

a typewriter, much less a word processor with memory capability, as a necessary implement of meaningful court access. See, e.g., Taylor v. Coughlin, 29 F.3d 39, 40 (2d Cir. 1994) (no constitutional right to access the courts with a typewriter with specific memory capabilities); Sands v. Lewis, 886 F.2d 1166, 1172 (9th Cir. 1989) (First Amendment does not require that inmate have access to typewriter in his cell); American Inmate Paralegal Assoc. v. Cline, 859 F.2d 59, 61 (8th Cir.) (no constitutional right to a typewriter), cert. denied, sub nom. Tyler v. Cline, 488 U.S. 996 (1988)); Twyman v. Crisp, 584 F.2d 352, 358 (10th Cir. 1978) (right to access courts does not include a federally protected right to use a typewriter); Johnston v. Lehman, 609 A.2d 880, 883 (Pa. Cmwlth. Ct. 1992) (denial of typewriter, among other things, does not involve denial of "direct" access to the courts but may properly be construed as denial of materials peripheral to that access). Therefore, the deprivation of the memory diskettes in this case is not an essential deprivation.

2. Actual Injury

Plaintiff can still prevail on an access to the courts claim if he can demonstrate that he has sustained an actual injury as a result of the destruction of the memory diskettes. Plaintiff must show that he has, in fact, suffered some legal or judicial denial, injury or impediment by the Defendant's actions. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir. 1985).

In this case, the record is critically devoid of any evidence of actual injury. Plaintiff has failed to identify any specific instance in which the lack of diskettes for his word processor prevented him from gaining access to the courts[4]. Rather, Plaintiff generally

---

[4]Plaintiff asserts that he was actually injured to the extent that the information necessary to pursue his legal efforts was stored on the diskettes confiscated from his cell. However, Defendants printed and returned to Moore, as expeditiously as possible, all the

**6**

claims that he cannot organize and manage his legal efforts without the information contained on the confiscated diskettes. He maintains that pursuit of legal remedies for alleged violations of his constitutional rights has been unjustifiably delayed because he has not been able to proceed with his legal challenges without the diskettes.

Moore's inability to manage and organize files, while certainly an inconvenience, does not satisfy the burden of identifying a specific instance where Plaintiff was actually denied meaningful court access because of the absence of the diskettes for the word processor. There simply is no evidence that Plaintiff was actually injured or prejudiced on any occasion in his ability to meaningfully access the courts due to Defendants' confiscation of the diskettes. Accordingly, Defendants' motion as it relates to Plaintiffs' access to courts claim should be granted[5].

B. <u>RETALIATION CLAIM</u>

There are two categories of retaliation claims--general claims of retaliation and claims that allege that an individual was retaliated against for the exercise of specific constitutional rights. In <u>Thaddeus-X v. Blatter</u>, 175 F.3d 378 (6th Cir. 1989) the Sixth Circuit clarified the elements of each category and supplanted previous cases that had blurred the lines between the two. General claims of retaliation are brought under the Due Process Clause of the Fourteenth Amendment. To state a successful case of general retaliation,

---

legal information stored on the confiscated diskettes. (See Exhibit E. attached to Defendants' Motion for Summary Judgment). Moreover, Plaintiff has presented no evidence of a specific instance in which he attempted to file legal papers, but was turned away, as a direct result of not having access to the confiscated diskettes, or in which he was otherwise prejudiced by the delay in printing and returning the stored information to him. Accordingly, there is no evidence of actual, as opposed to potential, injury.

[5]Defendants argue that they are entitled to qualified immunity against Plaintiff's demand for money damages arising out of the confiscation of the diskettes. However, the court does not need to reach the merits of Defendants' qualified immunity argument in light of the disposition of the motion.

a prisoner must establish "an egregious abuse of governmental power" or behavior that "shocks the conscience." Id. at 387.   In the great majority of cases, inmates are unable to survive summary judgment under this demanding standard. The rare exceptions have been in cases where, for example, a prison official issued death threats against an inmate while holding a cocked pistol at his head, or where prison officials trumped up false disciplinary charges against an inmate and then proceeded to physically abuse him and levy harsh disciplinary sanctions against him.   See Cale v. Johnson, 861 F.2d 943, 950-51 (6th Cir. 1988) (citing cases).

The second category of retaliation claims involves allegations that state officials penalized an individual for the exercise of a specific constitutional right.   In such cases, an inmate bears a lesser burden, and is only required to establish the following three elements: (1) the inmate engaged in protected conduct, (2) an adverse action was taken that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) the adverse action was motivated, at least in part, by the inmate's protected conduct. Thaddeus-X, 175 F.3d at 394-395. Plaintiff has the burden of proving all three elements.

Even if it is assumed, without deciding, that Plaintiff satisfied the first two elements listed above, he has failed to allege sufficient facts that establish the third. He must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977).  He has done nothing more than simply allege retaliation without establishing a causal connection. See Thaddeus-X, 175 F.3d at 399-400.

**8**

While an inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf, Noble v. Schmitt, 87 F.3d 157, 162 (6th Cir. 1996), this right is protected only if the grievances are not frivolous. Lewis v. Casey, 518 U.S. 343, 353 (1996) ("Depriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions."). Contrary to Plaintiff's assertion that the memory diskettes were confiscated and destroyed in retaliation for filing grievances and lawsuits against JMF officials, Defendants actually confiscated the diskettes pursuant to a legitimate prison policy directive (PD 04.04.112).

This directive permits a prisoner to possess only typewriters and wordprocessors that do not need separate memory diskettes to operate properly. Moore was allowed to keep his old wordprocessor without the diskettes. Once the machine becomes inoperable or non-repairable, the directive allows Plaintiff to purchase another one from an authorized dealer (See policy directive attached to Defendants' Motion for Summary Judgment Motion as Exhibit L). Thus, Defendants have successfully demonstrated that they would have taken the same action in the absence of the protected activity.

All Plaintiff has presented is the fact that Defendants deprived him of the discs, coupled with the fact that he had previously filed a grievance against them. He simply jumps to the conclusion that what the Defendants did was because of his prior litigation. However, speculation is no substitute for hard evidence. Since the seizure of the memory discs was fully consistent with a legitimate MDOC policy, Plaintiff has failed to show that his filing of the grievance was a substantial or motivating factor behind his treatment. Plaintiff has failed to overcome Defendants' affidavit of good faith actions.

As Plaintiff failed to show that the alleged retaliation for his having filed grievances and lawsuits against JMF officials was such an abuse of governmental authority as to shock the conscience, or that he suffered a remediable harm, it is recommended that Defendants' Motion for Summary Judgment on the retaliation claim be granted

## C. PROCEDURAL DUE PROCESS CLAIM

Plaintiff also asserts that he was deprived of his personal property without due process.  To maintain an action under 42 U.S.C. § 1983 on that theory, a plaintiff must establish that the State has not made available an adequate post deprivation remedy. Parratt v. Taylor, 451 U.S. 527 (1981); Victory v. Walton, 721 F.2d 1062 (6th Cir. 1983).  In Michigan, adequate post-deprivation remedies for both negligent and intentional conversion of personal property are available. Green v. State Corr. Dept, 30 Mich App 648 (1971).

Following the confiscation of the memory diskettes, Moore had informal hearings as prescribed by Administrative Rules 791.3310 in February 2005 (See Defendants' Exhibits E, I, J, attached to Motion for Summary Judgment).  Even  if Michigan Department of Correction policy did require formal hearings, as maintained by Moore, the failure to follow a state procedural policy does not constitute a constitutional violation under § 1983. Gavin v. Wells, 914 F.2d 97 (6th Cir. 1990).  Consequently, Plaintiff procedural due process claim is without merit.

## D. EIGHTH AMENDMENT CLAIM

Plaintiff maintains that the confiscation of the diskettes for his word processor amounted to cruel and unusual punishment in violation of the Eighth Amendment.  In order to successfully bring such a claim under § 1983, a plaintiff must show a culpable state of mind before an adverse situation may be considered punishment. Wilson v. Seiter, 501

U.S. 294 (1991).  A plaintiff must demonstrate that the defendants acted recklessly, and had "knowingly and unreasonably disregarded an objectively intolerable risk of harm." Farmer v. Brennan, 511 U.S 825, 846 (1994).

In the instant case, JMF defendants acted in accordance with a legitimate prison policy directive when they confiscated Moore's word processing diskettes as contraband. Plaintiff was provided an informal administrative hearing, but he failed to persuade JMF officials that the diskettes were legal property in accordance with prison rules and regulations.  Since Plaintiff has failed to demonstrate that these defendants acted recklessly, or with an intent to cause deliberate harm, his Eighth Amendment claim is without merit and should be dismissed.

For the foregoing reasons, it is recommended that Defendants' Motion for Summary Judgment be granted and the instant case be dismissed.  The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Friedman's acceptance thereof is waived.

                                                s/Donald A. Scheer
                                                DONALD A. SCHEER
                                                UNITED STATES MAGISTRATE JUDGE

DATED: June 26, 2006

_____
**CERTIFICATE OF SERVICE**
I hereby certify on June 26, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 26, 2006.  **C. Pepper Moore.**

                                                s/Michael E. Lang
                                                Deputy Clerk to
                                                Magistrate Judge Donald A. Scheer
                                                (313) 234-5217