UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C. PEPPER MOORE,

    Plaintiff,                                          Civil Action No.
                                                        06-CV-10541-DT

vs.

                                                       HON. BERNARD A. FRIEDMAN

SHERRY BURT, et al.,

    Defendants.
_____/

**OPINION AND ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AS TO DISKETTE CLAIMS;
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO DISKETTE CLAIMS;
REQUIRING PARTIES TO SUBMIT ADDITIONAL BRIEFING REGARDING ADMINISTRATIVE SEGREGATION CLAIM; AND
RECOMMITTING MATTER TO THE MAGISTRATE JUDGE**

       This matter is presently before the Court on Defendants' Motion for Summary Judgment. On June 26, 2006, Magistrate Judge Donald Scheer issued a Report and Recommendation, in which he recommends that the Court grant Defendants' Motion for Summary Judgment. Plaintiff objects to the Magistrate Judge's Report and Recommendation.

       Plaintiff is a prisoner at the Southern Michigan Correctional Facility ("JMF"). On February 8, 2006, he filed a Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the warden and several other prison officials ("Defendants") committed constitutional violations when they confiscated and destroyed the memory diskettes used with his word processor. In addition, Plaintiff asserts that Defendants violated his constitutional rights when they kept Plaintiff in administrative segregation in retaliation for his involvement in two other lawsuits against prison officials—the Cain v. Michigan Department of Corrections litigation in the state

courts and the Hadix v. Johnson litigation in the Eastern and Western Districts.

Having reviewed the parties' briefs and the documentary evidence, the Court finds that Magistrate Judge Scheer correctly analyzed the claims concerning the confiscation and destruction of the diskettes. Therefore, the Court will follow the Magistrate Judge's recommendation and grant summary judgment as to those claims.

However, neither Defendants' Motion for Summary Judgment nor the Magistrate Judge's Report and Recommendation addressed Plaintiff's allegations of retaliatory segregation. Those allegations are as follows:

> 41. That during plaintiff's confinement in administrative segregation, on several occasions defendant Ocweija informed plaintiff that he would be released from administrative segregation if he would discontinue his activities as a Cain and Hadix monitor, and accept a transfer to a different facility, to which plaintiff declined and remained in administrative segregation for one year.
> 42. That other prisoners associated with the identical alleged accusation serve [sic] no more than sixth [sic] (60) days in segregation confinement.
> 43. That defendant Ocweija's main objective was to coerce, intimidate, harass, retaliate and punish plaintiff for participating in a constitutionally protected procedure, Cain and Hadix lawsuits . . . .

(Pl.'s Compl. ¶¶ 41-43.) Plaintiff presented these allegations of retaliatory segregation in the body of his Complaint, but he did not translate those allegations into a "count" of his Complaint.[1]

Nonetheless, the Court must construe the complaint of a pro se litigant liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Spotts v. United States, 429 F.3d 248, 250 (6th

---

[1] Plaintiff's Complaint includes claims for alleged violations of the First, Fourth, Sixth, Eighth, and Fourteenth Amendments; however, those claims seem to focus only on the confiscation and destruction of Plaintiff's diskettes.

2

Cir. 2005). Here, the Court finds that Plaintiff was attempting to assert a retaliation claim regarding his administrative segregation, for Plaintiff has consistently raised this issue. For instance, Plaintiff asserts retaliatory segregation in the body of his Complaint, in his Response to Defendants' Motion for Summary Judgment, and in his objections to the Magistrate Judge's Report and Recommendation. (Pl.'s Resp., 8; Pl.'s Objections, 9.) Thus, the Court finds that Plaintiff's allegations *may* present a First Amendment retaliation claim concerning his segregation in relation to his protected participation in prior litigation against prison officials. See Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999).

In conclusion, the Court will require additional briefing on the potential *First Amendment retaliation claim* only. The parties are to address whether Plaintiff has stated a First Amendment retaliation claim and, if so, whether Defendants are entitled to summary judgment on this claim.

Accordingly,

IT IS ORDERED that Magistrate Judge Scheer's Report and Recommendation is accepted and adopted as to Plaintiff's claims regarding the diskettes.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment is granted as to Plaintiff's claims regarding the diskettes.

IT IS FURTHER ORDERED that the parties provide additional briefing as to Plaintiff's potential claim regarding retaliatory segregation. The parties are to address whether Plaintiff has stated a First Amendment retaliation claim concerning his administrative

segregation and, if so, whether summary judgment is appropriate on such a claim.

IT IS FURTHER ORDERED that the parties abide by the following scheduling dates for additional briefing.  The deadline for Defendants' brief is January 5, 2007.  Defendants' brief shall be no more than 20 pages.  The deadline for Plaintiff's response is one month after Defendants submit their brief.  Plaintiff's response is similarly limited to no more than 20 pages.  The deadline for Defendants' reply is 15 days after Plaintiff submits his response.  Defendants' reply shall be no more than 5 pages.

IT IS FURTHER ORDERED that the matter is recommitted to Magistrate Judge Scheer, pursuant to 28 U.S.C. § 636(b).

    s/Bernard A. Friedman_____  
BERNARD A. FRIEDMAN  
CHIEF UNITED STATES DISTRICT JUDGE

Dated: November 13, 2006  
       Detroit, Michigan

**I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.**

**    /s/ Patricia Foster Hommel_____**  
**       Patricia Foster Hommel**  
**   Secretary to Chief Judge Friedman**