UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C. PEPPER MOORE,

    Plaintiff,                  CIVIL ACTION NO. 06-CV-10541-DT

vs.

                                    DISTRICT JUDGE BERNARD A. FRIEDMAN
                                    MAGISTRATE JUDGE DONALD A. SCHEER

SHERRY L. BURT, et. al.,

    Defendants.

_____/

## MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' Motion for Summary Judgment should be GRANTED, as Plaintiff has failed to establish any violations of his federally secured constitutional rights.

\* \* \*

Plaintiff, while incarcerated at the Southern Michigan Correctional Facility (JMF) in Jackson, Michigan,[1] was allowed to proceed in forma pauperis and filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on February 8, 2006, alleging that JMF prison officials had deprived him of his federal constitutional rights. Plaintiff asserted that his rights were violated when JMF officials confiscated and destroyed 93 memory diskettes used with his word processor. In addition, Plaintiff asserts that Defendants violated his constitutional rights when they kept him in administrative segregation in retaliation for his involvement in two other lawsuits against prison officials---the Cain v. Michigan Department of Corrections litigation in the state courts, and the Hadix v. Johnson litigation in the Eastern and Western Districts of the Michigan federal courts.

---

[1] Plaintiff is still incarcerated at JMF.

On November 13, 2006, the Court issued an Order dismissing all of Plaintiff's claims except the allegations of retaliatory segregation (Docket #31). Neither Defendants' Motion for Summary Judgment nor the Magistrate Judge's Report and Recommendation had addressed Plaintiff's allegations of retaliatory segregation. The parties were ordered to provide additional briefing on this issue, and the matter was recommitted to the Magistrate Judge for a Supplemental Report and Recommendation.

Plaintiff alleges that Defendant Ocwweija told him several times that he would be released from segregation if his discontinued his activities as a prisoner monitor in the <u>Cain</u> and <u>Hadix</u> lawsuits. Plaintiff also contends that Defendant Ocwija asked him to accept a transfer to another facility (Complaint ¶41). Plaintiff maintained that he remained in segregation over a year after he declined the transfer request, while other prisoners in segregation for the same reason were released within 60 days (Complaint ¶¶ 41-43).

Defendants filed a Motion for Summary Judgment on January 5, 2007, asserting that Plaintiff had failed to establish any violations of his federally secured constitutional rights. Plaintiff filed a response to Defendants' Motion for Summary Judgment on February 15, 2007, arguing to the contrary. For the following reasons, I recommend that Defendants' motion be GRANTED.

STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); <u>see</u> <u>Miller v. Currie</u>, 50 F.3d 373, 377 (6th Cir. 1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts

in support of his claim that would entitle him to relief." Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 1997).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. Covington v. Knox County Sch. Sys., 205 F.3d 912, 914 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. Id. A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings and affidavits. Ashbook v. Block, 917 F.2d 918, 921 (6th Cir. 1990); see also Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

DISCUSSION

To establish a valid claim under § 1983, a plaintiff must allege that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights privileges or immunities secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42, 49 (1988). Here, Defendants

do not dispute that they acted under color of state law. Accordingly, I will focus on the alleged constitutional deprivation.

CLAIM OF RETALIATION

There are two categories of retaliation claims--general claims of retaliation and claims that allege that an individual was retaliated against for the exercise of specific constitutional rights. In Thaddeus-X v. Blatter, 175 F.3d 378 (6th Cir. 1989) the Sixth Circuit clarified the elements of each category and supplanted previous cases that had blurred the lines between the two. General claims of retaliation are brought under the Due Process Clause of the Fourteenth Amendment. To state a successful case of general retaliation, a prisoner must establish "an egregious abuse of governmental power" or behavior that "shocks the conscience." Id. at 387. In the great majority of cases, inmates are unable to survive summary judgment under this demanding standard. The rare exceptions have been in cases where, for example, a prison official issued death threats against an inmate while holding a cocked pistol at his head, or where prison officials trumped up false disciplinary charges against an inmate and then proceeded to physically abuse him and levy harsh disciplinary sanctions against him. See Cale v. Johnson, 861 F.2d 943, 950-51 (6th Cir. 1988) (citing cases).

The second category of retaliation claims involves allegations that state officials penalized an individual for the exercise of a specific constitutional right. In such cases, an inmate bears a lesser burden, and is only required to establish the following three elements: (1) the inmate engaged in protected conduct, (2) an adverse action was taken that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) the adverse action was motivated, at least in part, by the inmate's protected conduct. Thaddeus-X, 175 F.3d at 394-395. Plaintiff has the burden of proving all three

elements. He must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977).

Even if it is assumed, without deciding, that Plaintiff satisfied the first two elements listed above, he has failed to allege sufficient facts that establish the third. He has done nothing more than simply allege retaliation, without establishing a causal connection. See Thaddeus-X, 175 F.3d at 399-400. While an inmate has an undisputed First Amendment right to file law suits and grievances against prison officials on his own behalf, Noble v. Schmitt, 87 F.3d 157, 162 (6th Cir. 1996), this right is protected only if the grievances are not frivolous. Lewis v. Casey, 518 U.S. 343, 353 (1996) ("Depriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.").

Plaintiff alleged that he was held in administrative segregation for an extended period in order to punish and harass him for participating in the Cain and Hadix lawsuits. He asserts that he remained in administrative segregation longer than other "similarly situated" prisoners, who were allegedly released back into the general population.

Contrary to Plaintiff's assertion, the cell transfer to administrative segregation was not retaliatory, but was intended to separate him from the general prison population during the course of an investigation into drug smuggling at JMF. The Supreme Court has held that an inmate may be placed in "nonpunitive" (administrative) segregation to safeguard institutional security or to conduct an investigation of unresolved misconduct charges without invoking the Wolff[2] due process procedures. Hewitt v. Helms, 459 U.S. 460, 473

---

[2]Wolff v. McDonnell, 418 U.S. 539, 563-566 (1974).

**5**

(1983); Woodson v. Lack, 865 F.2d 107, 109 (6th Cir. 1989).  The decision to place Plaintiff in administrative segregation, pending the completion of an investigation into the alleged smuggling plot, does not give rise to a cause of action.

Plaintiff was subsequently convicted of drug smuggling on January 27, 2004, and he was immediately reclassified to segregation as a result of the major misconduct (See Reclassification Notice, Major Misconduct Report and Hearing Report, attached as Exhibit 1 (Attachments A & B) to Defendants' Motion for Summary Judgment). According to the affidavit of Defendant Ocweija, Plaintiff remained in segregation for an extended period of time because JMF prison officials believed he had played a large role in a drug smuggling conspiracy that continued to operate within the prison. (See affidavit of Defendant Ocweija, attached as Exhibit 1 to Defendants' Motion for Summary Judgment).  Since a federal court order in the Hadix lawsuit prevented Plaintiff's transfer to another prison (See Hadix Protection Order from Eastern District of Michigan, attached as Attachment E to Defendants' Motion for Summary Judgment), administrators concluded that keeping Plaintiff in segregation was the best and least restrictive confinement while he remained at JMF.  Plaintiff was eventually released back to the general population in January 2005, in order to be treated for a health problem.

All Plaintiff has presented is that he remained in segregation for nearly a year, coupled with the fact that he had been involved in earlier lawsuits against prison officials. From that he jumps to the conclusion that what the Defendants did was because of his prior litigation. However, speculation is no substitute for hard evidence. Since Plaintiff has failed to show that his involvement in the Cain and Hadix cases was a substantial or motivating factor behind his treatment, I am not persuaded that Plaintiff has overcome Defendant Ocweija's affidavit of good faith action.

Plaintiff failed to show that the retaliation for his involvement in the Cain and Hadix litigation was such an abuse of governmental authority as to shock the conscience, or that he suffered a remediable harm. It is recommended that the claim of retaliation against these MDOC officials be dismissed.

Plaintiff also suggests that his equal protection rights were violated because other prisoners in administrative segregation allegedly received preferential conditions of confinement. To establish a violation of the Equal Protection Clause, an inmate must show that the prison officials purposefully discriminated against him. Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265 (1977); Copeland v. Machulis, 57 F.3d 476, 480 (6th Cir. 1995). Such discriminatory purpose must be a motivating factor in the actions of defendants. Arlington Heights, at 265-266.

In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court determined that prison regulations concerning confinement of an inmate did not create a liberty interest. In making its decision, the Court did not rely on the language of the regulations for mandatory terminology and substantive predicates. Id. at 485; cf. Hewitt v. Helms, 459 U.S. 460, 471-72 (1983). Rather, the Court focused on the particular restraint imposed and held that it "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Sandin, Id. at 485. Based on the Supreme Court's holding in Sandin, I am persuaded that there is no liberty interest at issue entitling Plaintiff to procedural protection as a result of his extended administrative segregation status. Moreover, the special security needed to supervise those prisoners in higher levels of custody will necessarily result in fewer privileges for them than those normally provided to general population inmates. See Allgood v. Morris, 777 F.2d 1250, 1256 (4th Cir. 1984).

A prisoner has no right to be classified to any particular security level, <u>Olim v. Wakinekona</u>, 461 U.S. 238, 245 (1983), or to remain free of administrative segregation. <u>Mackey v. Dyke</u>, 111 F.3d 460, 462 (6th Cir. 1997). Notwithstanding the discomfort Plaintiff may have experienced as a normal consequence of his lockdown status, I am not persuaded that his due process (liberty interest) rights were violated.

For the foregoing reasons, it is recommended that Defendants' Motion for Summary Judgment be granted and the instant case be dismissed. The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Friedman's acceptance thereof is waived.

                                                   s/Donald A. Scheer
                                                   DONALD A. SCHEER
                                                   UNITED STATES MAGISTRATE JUDGE

DATED: May 30, 2007

_____

### CERTIFICATE OF SERVICE

I hereby certify on May 30, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 30, 2007. **C. Pepper Moore.**

                                                 s/Michael E. Lang
                                                 Deputy Clerk to
                                                 Magistrate Judge Donald A. Scheer
                                                 (313) 234-5217