UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C. PEPPER MOORE,

    Plaintiff,

vs.
                                                             Civil Action No.
                                                              06-CV-10541

                                                              HON. BERNARD A. FRIEDMAN

SHERRY L. BURT, et al.,

    Defendants.
_____/


**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATION INSOFAR AS IT IS CONSISTENT WITH THIS OPINION AND ORDER
AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

        This matter is presently before the Court on Defendants' Motion for Summary Judgment [docket entry 32]. On May 30, 2007, Magistrate Judge Donald A. Scheer issued a Supplemental Report and Recommendation ("Supplemental R&R"), in which he recommends that the Court grant Defendants' Motion for Summary Judgment. Plaintiff has filed objections to the Magistrate Judge's Supplemental R&R, and Defendants have not filed a response. The Court reviews *de novo* those portions of the R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

        The Court has had the opportunity to fully review this matter, including Magistrate Judge Scheer's Supplemental R&R. While the Court agrees with the conclusions reached by Magistrate Judge Scheer, the Court wishes to further clarify the reasons behind such conclusions. Therefore, the Court will accept and adopt Magistrate Judge Scheer's Supplemental R&R as the findings and conclusions of this Court, insofar as they are consistent with this Opinion and Order.

For the reasons stated below, the Court will grant Defendants' Motion for Summary Judgment.

I. **PROCEDURAL HISTORY**

On February 8, 2006, Plaintiff filed his Complaint under 42 U.S.C. § 1983, alleging that the warden and several other prison officials ("Defendants") committed constitutional violations when they confiscated and destroyed memory disks used by Plaintiff with his word processor. In addition, Plaintiff alleged that Defendants violated his constitutional rights when they kept Plaintiff in administrative segregation, allegedly in retaliation for his involvement in two lawsuits against prison officials, the *Cain v. Mich. Dep't of Corrections* litigation pending in state court and the *Hadix v. Johnson* litigation pending in federal court.

On May 10, 2006, Defendants filed a Motion for Summary Judgment. In an Opinion and Order dated November 13, 2006, this Court granted Defendants' motion with respect to Plaintiff's diskette claim, and ordered the parties to submit additional briefing with respect to the retaliation claim.

On January 5, 2007, Defendants filed a Motion for Summary Judgment with respect to Plaintiff's retaliation claim, and Plaintiff filed a response brief on February 15, 2007. Defendants filed a reply on March 6, 2007. On May 30, 2007, Magistrate Judge Scheer issued his Supplemental R&R, recommending that this Court grant Defendants' Motion for Summary Judgment. Plaintiff filed objections to Magistrate Judge Scheer's Supplemental R&R on August 10, 2007.

II. **SUMMARY JUDGMENT STANDARD**

According to FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

2

judgment as a matter of law." The United States Supreme Court has stated that there are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"The burden on the moving party may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Thus, "[t]he moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact." *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002).

Once the moving party discharges this burden, the burden then shifts to the nonmoving party. *See id.* "[T]he nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Id.* (citing FED. R. CIV. P. 56(e); *Celotex Corp.*, 477 U.S. at 324). Indeed, the nonmoving party "must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment." *Id.* "When reviewing a motion for summary judgment, [the court] must draw all justifiable inferences in the light most favorable to the non-moving party." *Hager v. Pike County Bd. of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

III. **PETITIONER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S SUPPLEMENTAL R&R**

In his Objections to Magistrate Judge Scheer's Supplemental R&R, Plaintiff argues that the Magistrate Judge's decision "to dismiss the instant § 1983 complaint does not comport to the facts plaintiff has described, or the law . . ." (Pl.'s Objection at 1.) In addition, Plaintiff has

3

clearly alleged an equal protection violation (*see* Pl.'s Compl. at ¶ 42). The Court will discuss this claim, even though the parties have not briefed the issue. Finally, although the Court cannot locate a due process claim in Plaintiff's Complaint, the Court will nevertheless address this issue since the parties have briefed it and Magistrate Judge Scheer has addressed it in his Supplemental R&R. The Court will first discuss Plaintiff's retaliation claim under 42 U.S.C. § 1983. The Court will then examine Plaintiff's claim under the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment.

    A.    **Plaintiff's Retaliation Claim under 42 U.S.C. § 1983**

In his Complaint, Plaintiff describes his retaliation claims under section 1983 as follows:

> 41. That during plaintiff's confinement in administrative segregation, on several occasions defendant Ocweija informed plaintiff that he would be released from administrative segregation if he would discontinue his activities as a <u>Cain</u> and <u>Hadix</u> monitor, and accept a transfer to a different facility, to which plaintiff declined and remained in administrative segregation for one year.
> 42. That other prisoners associated with the identical alleged accusation serve no more than sixth [sic] (60) days in segregation confinement.
> 43. That defendant Ocweija's main objective was to coerce, intimidate, harass, retaliate and punish plaintiff for participating in a constitutionally protected procedure, <u>Cain</u> and <u>Hadix</u> lawsuits, and punish access to the courts . . . .

(Pl.'s Compl. at ¶¶ 41-43.) Therefore, the essence of Plaintiff's claim is that he engaged in conduct that is protected by the Constitution (i.e., participating in two lawsuits against prison officials), and that Defendant Ocweija took adverse action against him by keeping him in administrative segregation for doing so.

As stated above, Plaintiff's Complaint is brought under 42 U.S.C. § 1983. This section of the U.S. Code "provides a remedy for constitutional violations committed by state actors."

4

*E.g., Thaddeus-X v. Blatter*, 175 F.3d 378, 386 (6th Cir. 1998). In order to state a claim under section 1983, a plaintiff must allege a violation of rights secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "Acting under color of state law" means that the defendant has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). In this case, as Magistrate Judge Scheer noted, there is no dispute as to whether Defendant Ocweija was acting under color of state law. Therefore, the central question here is whether Plaintiff has sufficiently alleged a violation of his rights under the United States Constitution or laws of the United States.

There are two types of retaliation claims that a prisoner might assert. The first—and the more generalized type—are claims arising under the Due Process Clause of Fourteenth Amendment. *See Thaddeus-X*, 175 F.3d at 387. The second type of retaliation claim is one arising under a more specific provision of the United States Constitution. These two types of claims should not be conflated. *See id*.

The Court agrees with Magistrate Judge Scheer's conclusion that Plaintiff has not demonstrated a triable issue of fact as to a general claim under the Due Process Clause. With respect to this type of claim, the Sixth Circuit has noted,

> [t]o state a successful case of general retaliation, a prisoner must establish 'an egregious abuse of governmental power' or behavior that 'shocks the conscience.' In the great majority of cases, inmates are unable to survive summary judgment under this demanding standard. The rare exceptions have been in cases where, for example, a prison official issued death threats against an inmate with a cocked pistol at his head, or where prison officials trumped up false disciplinary charges against an inmate and then proceeded to physically abuse him and levy harsh disciplinary sanctions against him.

5

*Herron v. Harrison*, 203 F.3d 410, 414-415 (6th Cir. 2000) (citations omitted) (quoting *Thaddeus-X*, 175 F.3d at 387). On these facts, Plaintiff has not demonstrated that the alleged impropriety of Defendant Ocweija's actions rise to this level. Therefore, if Plaintiff is to defeat Defendants' Motion for Summary Judgment, he must do so by demonstrating a genuine issue of material fact with respect to a retaliation claim arising under a particular provision of the Constitution.

As the Sixth Circuit has noted, a plaintiff alleging retaliation under a specific provision of the United States Constitution must prove three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) a causal connection between elements (1) and (2) (i.e., the adverse action was motivated at least in part by the plaintiff's protected conduct). *See Thaddeus-X*, 175 F.3d at 394. Each of these three elements will be examined, in turn, below.

### 1. *Has Plaintiff Engaged in Protected Conduct?*

Plaintiff alleges that Defendant Ocweija retaliated against him by keeping him in administrative segregation for his participation as a plaintiff in the *Cain* and *Hadix* lawsuits. It is undisputed that Plaintiff has a constitutionally protected right to adequate, effective, and meaningful access to the courts. *See, e.g., Bounds v. Smith*, 430 U.S. 817, 822 (1977). Furthermore, prisoners have the right to petition the government for redress of their grievances. *See, e.g., Hudson v. Palmer*, 468 U.S. 517, 523 (1984) (citing *Johnson v. Avery*, 393 U.S. 483 (1969)). However, this right is limited: "a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X*, 175 F.3d at 391.

Plaintiff, in his Complaint, stated that the *Hadix* litigation challenges "conditions of confinement" and the *Cain* litigation involves "allowable property prisoners may possess." (Pl.'s

6

Compl. at 2 n.1.) Because these matters involve civil rights, one of the three types of claims covered under a prisoner's right to petition the government for redress of grievances, Plaintiff had a constitutionally protected right to participate in these lawsuits. Therefore, Plaintiff has engaged in constitutionally protected conduct.

        2.     *Has an Adverse Action Been Taken Against Plaintiff that would Deter a Person of Ordinary Firmness from Continuing to Engage in Protected Conduct?*

Plaintiff has alleged that he was held in administrative segregation for an extended period of time in order to punish and harass him for participating in the *Hadix* and *Cain* lawsuits. Specifically, he asserts that he was held in administrative segregation for longer than other similarly situated prisoners. (Pl.'s Compl. at ¶ 42.) Therefore, the question is whether Plaintiff's alleged unusually long stay in administrative segregation would deter a person of ordinary firmness from continuing to participate in the *Hadix* and *Cain* matters.

In determining whether a particular adverse action would deter a person of ordinary firmness from continuing to engage in protected conduct, the Sixth Circuit has held,

> if no reasonable trier of fact could conclude that a retaliatory act would deter a person from exercising his rights, then the act should be characterized as *de minimis* and dismissed at the summary judgment stage. In all other cases, however, '[w]hether a retaliatory action is sufficiently severe to deter a person of ordinary firmness from exercising his or her rights is a question of fact.'

*Siggers-El v. Barlow*, 412 F.3d 693, 703-704 (6th Cir. 2005) (quoting *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002)). The "*de minimis*" threshold mentioned above is designed to "weed out only inconsequential actions, and is not a means whereby solely egregious retaliatory acts are allowed to proceed past summary judgment." *Thaddeus-X*, 175 F.3d at 398.

On these facts, the Court is unwilling to conclude that an extended stay in

7

administrative segregation is a *de minimis* or inconsequential action. Whether the alleged retaliatory extended stay is sufficient to deter a person of ordinary firmness from continuing to participate in two lawsuits is a question for the trier of fact, not one for the Court.

        3.     *Was the Alleged Extended Stay in Administrative Segregation Motivated by Plaintiff's Involvement in the* Hadix *and* Cain *Matters?*

Has Plaintiff proffered sufficient evidence under FED. R. CIV. P. 56(c) and (e) to create a genuine issue of material fact as to whether he was held in administrative segregation for an extended period of time as punishment for participating in the *Hadix* and *Cain* litigation? Magistrate Judge Scheer, in his Supplemental R&R, urges the Court to answer this question in the negative, stating "the cell transfer to administrative segregation was not retaliatory, but was intended to separate him from the general prison population during the course of an investigation into drug smuggling at [Southern Michigan Correctional Facility]." Supplemental R&R at 5. For the reasons discussed below, the Court agrees.

In analyzing this element of a retaliation claim, "the subjective motivation of the defendant[] is at issue." *Thaddeus-X*, 175 F.3d at 399. "The analysis of motive in retaliation claims is well-developed." *Id*. The Sixth Circuit has employed a burden-shifting approach:

> Once the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant. If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment.

*Id*. (citation omitted) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)).

Regarding a plaintiff's initial burden of establishing that his protected conduct was a motivating factor behind the adverse action(s) taken by the defendant, "a plaintiff must produce

8

sufficient evidence from which an inference can be drawn that the adverse action would not have been taken had the plaintiff not filed a[n] . . . action." *Allen v. Mich. Dep't of Corrections*, 165 F.3d 405, 413 (6th Cir. 1999). "Circumstantial evidence, like the timing of events or the disparate treatment of similarly situated individuals, is appropriate." *Thaddeus-X*, 175 F.3d at 399. "It is obvious, of course, that bare allegations of malice would not suffice to establish a constitutional claim." *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998).

For example, in the *Thaddeus-X* case, two prisoners brought section 1983 claims after prison officials allegedly retaliated against them for their efforts to litigate a civil rights claim. 175 F.3d at 383. Specifically, the two prisoners alleged that prison officials first threatened, then took steps to penalize, them for their litigative activities. *Id*. In concluding that the prisoners had successfully met their initial burden on causation, the *Thaddeus-X* court noted,

> [t]he plaintiffs in this case have done more than simply allege retaliation: in their verified complaint and in an additional affidavit, they have put forward a number of specific, nonconclusory allegations and identified affirmative evidence that could support a jury verdict at trial.

*Id*. at 399-400. Furthermore, when the burden shifted to the prison officials to demonstrate that they would have taken the same action against the prisoners had they not filed the civil rights lawsuit, the *Thaddeus-X* court found that the "defendants have done little more than deny the allegations put forth by plaintiffs" and that "[s]uch is not sufficient to meet their burden under Federal Rule of Civil Procedure 56 to show affirmatively that there is no genuine issue in dispute." *Id*. at 399. Therefore, the Sixth Circuit vacated the trial court's grant of summary judgment in favor of the prison officials on the inmates' retaliation claim under section 1983. *Id*. at 403.

In the present case, Plaintiff has not presented a triable issue of fact as to causation. Simply put, Plaintiff has not presented any evidence—save a conclusory statement in his

9

affidavit—that the decision to keep him in administrative segregation was motivated by his involvement in the *Hadix* and *Cain* matters.[1] Without any such evidence, Plaintiff has not met his initial burden to "produce sufficient evidence from which an inference can be drawn that the adverse action would not have been taken had the plaintiff not filed a[n] . . . action." *See Allen*, 165 F.3d at 413.

Moreover, Plaintiff has not offered any circumstantial evidence that could lead a rational trier of fact to conclude that his stay in administrative segregation was motivated by his involvement in constitutionally protected activity. Specifically, the only circumstantial evidence offered by Plaintiff of such a connection is that other similarly situated inmates were released from administrative segregation sooner than Plaintiff. However, Plaintiff has not demonstrated that he and the other inmates to whom he refers were in fact similarly situated: Plaintiff has been a prisoner at Southern Michigan Correctional Facility ("JMF") since it opened in 1997 (*see* Defs.' Mot. for. Summ. J. at 1), he has had a considerable substance abuse problem (*see id.*), he has had illegal drug-related dealings with an employee at the prison (*see id.* at 1-2), prison officials were concerned that there were more employees who may have had drug-related arrangements with Plaintiff (*see id.*), and most importantly, an order in the *Hadix* lawsuit prevented Plaintiff's transfer to another facility (*see id.* at Attachment E). Given the above combination of circumstances, there is no evidence that

---

[1] In his affidavit, Plaintiff states,

> Defendant Ocweija's statement he [sic] did not tell Plaintiff that if he discontinued his legal activities he would be released that very day from segregation is untrue. Defendant Ocweija had the opportunity and motive to make the threat, and he did.

Moore Aff. at ¶ 8.

10

Plaintiff was similarly situated to other prisoners, and thus the logic behind Plaintiff's proffered circumstantial evidence is flawed. The conclusory allegation in Plaintiff's affidavit together with the flawed circumstantial evidence amount to "bare allegations of malice" against Defendant Ocweija and do "not suffice to establish a constitutional claim." *See Crawford-El*, 523 U.S. at 588.

As discussed above, the prisoners in the *Thaddeus-X* case met their initial burden on causation because they did "more than simply allege retaliation." *See* 175 F.3d at 399. Indeed, as the *Thaddeus-X* court noted, "in their verified complaint and in an additional affidavit, they have put forward a number of specific, nonconclusory allegations and identified affirmative evidence that could support a jury verdict at trial." *See id.* at 399-400. Conversely, Plaintiff here has not made a similar showing. That is, Plaintiff has done nothing more than simply allege retaliation. Although it is unclear from the language used by the *Thaddeus-X* court exactly what type of evidence the prisoners in that case proffered, it is clear that on the facts of this case, Plaintiff has not offered "specific, nonconclusory allegations" that are sufficient to create a genuine issue of material fact on causation. *See id.* As Magistrate Judge Scheer noted in his Supplemental R&R,

> [a]ll Plaintiff has presented is that he remained in segregation for nearly a year, coupled with the fact that he had been involved in earlier lawsuits against prison officials. From that he jumps to the conclusion that what the Defendants did was <u>because</u> of his prior litigation.

Supplemental R&R at 6 (emphasis in original). Because Plaintiff has offered nothing more than a conclusory allegation of malice, the Court is left with no choice but to conclude that Plaintiff has failed to create a triable issue of fact on this issue.

Furthermore, even if Plaintiff had presented sufficient evidence to shift the burden to Defendants, the Court notes that Defendants would still be entitled to summary judgment because they have demonstrated that they would have kept Plaintiff in administrative segregation absent

11

Plaintiff's involvement in the *Hadix* and *Cain* litigation. *See Thaddeus-X*, 175 F.3d at 399. Defendants have supplied the Court with Plaintiff's Security Reclassification Notice. (*See* Defs.' Mot. for Summ. J at Attachment A.) This Notice explains that,

> housing [Plaintiff] in general population at this facility presents security concerns as it is unknown what other relationships [other than Plaintiff's relationship with ex-prison employee Dan Fox] this prisoner may have with other employees and prisoners at this facility.

(*Id.*) This document demonstrates that Plaintiff was placed in administrative segregation because of security concerns stemming from Plaintiff's smuggling conviction. The fact that this notice is dated January 29, 2004, just two days after Plaintiff's smuggling conviction, supports the Court's finding that the decision to confine Plaintiff to administrative segregation resulted from Plaintiff's *illegal* activities, and not his constitutionally protected ones.[2]

Furthermore, Defendants have also presented evidence that Plaintiff was not kept in administrative segregation for an extended period of time due to his participation in the *Hadix* and *Cain* lawsuits. The affidavit of Defendant Ocwieja states, in relevant part:

> 6. Prisoner Moore has been at JMF since it opened in 1997, longer than any facility administrator. Because of his longstanding placement at JMF, administrative staff determined that he had probably established contacts with other employees, as well as other prisoners who would engage in drug use. In an attempt to prevent any further illegal drug activity with other employees or prisoners, administrative staff at JMF determined that prisoner

---

[2] Defendant Ocwieja's affidavit provides further evidence that Plaintiff was placed in administrative segregation due to his smuggling activity:

> Prisoner Moore was placed in Segregation because it was determined that he could not be managed in General Population . . . . This was based on prisoner Moore's January 27, 2004 conviction of the Major Misconduct drug Smuggling (045).

(Ocwieja Aff. at ¶ 4.)

> Moore could not safely be housed in General Population *at JMF*. While I believe, and still do believe, that prisoner Moore can be housed in General Population at *another* facility, a court order in the *Hadix* case prevents his transfer from JMF.
>
> 7. I never indicated to prisoner Moore that his release from Segregation was contingent upon his ceasing his activities relative to the *Cain* and *Hadix* lawsuits. Prisoner Moore was in Segregation because administrative staff determined that he could not be safely and securely housed in General Population at JMF.

(*Id*. at ¶¶ 6-7) (emphasis in original).

In addition to Defendant Ocwieja's affidavit, Defendants have also attached to their Motion for Summary Judgment an Administrative Segregation Interview Report dated January 21, 2005. This report explains that Plaintiff was confined to segregation because of his "[i]nability to be managed with group privileges." This reason—although vague—is consistent with the reasons given by Defendant Ocwieja in his affidavit.[3]

Therefore, because Plaintiff has failed to offer sufficient evidence to create a triable issue of fact as to whether his stay in administrative segregation was motivated by his participation in the *Hadix* and *Cain* lawsuits, the Court will accept and adopt Magistrate Judge Scheer's Supplemental R&R insofar as consistent with the foregoing analysis and grant Defendants' Motion for Summary Judgment on Plaintiff's section 1983 claim.

B. **Plaintiff's Equal Protection Claim**

Plaintiff has also implied that his equal protection rights were violated. Although this issue was not briefed by the parties, and Magistrate Judge Scheer therefore did not analyze the issue,

---

[3] Defendants point out, and the Court notes, that since his release from administrative segregation, Plaintiff has received two major misconducts for drug violations: "one, for a drug test refusal (Plaintiff was convicted); a second for 'dirty urine' (Plaintiff was found not guilty due to a loss of evidence)." (*See* Def.'s Mot. for Summ. J. at 2 and Attachment F.)

13

the Court will address it here. In his Complaint, Plaintiff states, "other prisoners associated with the identical alleged accusation serve no more than sixth [sic] (60) days in segregation confinement." (*See* Pl.'s Compl. at ¶ 42.)

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV. In this regard, the Sixth Circuit has stated,

> [t]he general rule in equal protection analysis is that state action is presumed to be valid and will be sustained if the classification drawn by the state is rationally related to a legitimate state interest. That rule gives way, however, where a state classifies by race, alienage, or national origin, or where a state impinges on personal rights protected by the Constitution; such action is subjected to strict scrutiny and will be sustained only if suitably tailored to serve a compelling state interest.

*Valot v. Southeast Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1229 (6th Cir. 1997)

Here, rational basis scrutiny applies because "inmates are not a suspect class." *Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005) (citing *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997)). Moreover, Plaintiff's claim does not involve the denial of a fundamental right, because "a prisoner does not have a constitutional right to be placed in a specific security classification." *Id*. (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)). Thus, the decision to confine Plaintiff to administrative segregation must only have been rationally related to a legitimate state interest. *See Valot*, 107 F.3d at 1229. In light of Plaintiff's smuggling conviction, Defendants clearly had a rational basis for confining Plaintiff to administrative segregation. Furthermore, given the overt need of prison officials to prevent illegal drug activity in prisons, and the fact that a federal court order prevented Plaintiff from being transferred from JMF to another facility, the decision to keep Plaintiff in administrative segregation unquestionably passes muster under rational basis

14

scrutiny. Therefore, there is no triable issue with respect to Plaintiff's equal protection claim.

    C.    **Plaintiff's Due Process Claim**

As mentioned above, the Court cannot locate an express due process claim in Plaintiff's Complaint. Nevertheless, because the parties have briefed the issue, and because Magistrate Judge Scheer discusses it in his Supplemental R&R, the Court will examine the issue in accordance with FED. R. CIV. P. 8(f) and 15(b).

"In order to determine whether segregation of an inmate from the general prison population involves the deprivation of a state-created liberty interest protected by the due process clause, courts are to determine if the segregation imposes an 'atypical and significant' hardship on the inmate 'in relation to the ordinary incidents of prison life.'" *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). "[U]nder *Sandin* a liberty interest determination is to be made based on whether it will affect the overall duration of the inmate's sentence . . ." *Id*.

Furthermore, the Sixth Circuit has expressly stated, "administrative segregations have repeatedly been held not to involve an 'atypical and significant' hardship implicating a protected liberty interest . . ." *Id*. (citing *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997)). Nevertheless, the Sixth Circuit, in the same case, cautioned,

> our holding here does not mean that every administrative segregation regardless of length or the reason for the segregation will not implicate a liberty interest. The facts of this case and the extraordinarily good reasons for holding plaintiff in segregation form the basis for this decision.

*Id*. at 813.

On these facts, the Court agrees with Magistrate Judge Scheer's finding that there is

no atypical or significant hardship. First, administrative segregations generally do not implicate a protected liberty interest. *See id.* Second, the administrative segregation has not impacted Plaintiff's sentence. *See id.* Finally, for all the reasons discussed above, Defendants had good reason to keep Plaintiff in administrative segregation.

Accordingly,

IT IS ORDERED that Plaintiff's objections to Magistrate Judge Scheer's Supplemental R&R are overruled.

IT IS FURTHER ORDERED that Magistrate Judge Scheer's Supplemental R&R of May 30, 2007, is accepted and adopted as the findings and conclusions of the Court insofar as consistent with the foregoing.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment is granted.

                                           s/Bernard A. Friedman
                                           BERNARD A. FRIEDMAN
                                           CHIEF UNITED STATES DISTRICT JUDGE

Dated: September 5, 2007
       Detroit, Michigan
I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman